UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

WENDELL R. WITHERSPOON, JR.    ]
    Plaintiff,            ]
                               ]
v.                             ]   No. 1:12-0063
                               ]   JUDGE HAYNES
MAURY COUNTY JAIL, et al.      ]
    Defendants.           ]

## MEMORANDUM

Plaintiff, Wendell R. Witherspoon, Jr., an inmate at the Maury County Jail filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Maury County Jail; Enoch George, Sheriff of Maury County; and Lt. Debra Wagonschultz, a member of the staff at the Maury County Jail. Plaintiff seeks injunctive relief after an injury inflicted by another inmate.

According to his complaint, on June 22, 2012, another inmate at the Maury County Jail attached and injured Plaintiff. As a result of the attack, Plaintiff was taken to a local hospital for medical treatment. At the time of the attack an order was posted instructing jail staff that the Plaintiff and his assailant were incompatible and should not have contact with one another. Plaintiff alleges that the jail guards knew of this order, but failed to protect Plaintiff.

To state a claim for § 1983 relief, Plaintiff must plead that a person or persons, acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Yet, a county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991).

Thus, the Plaintiff fails to state a claim under § 1983 against the Defendant Maury County Jail.

As to the individual Defendants, pro se pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). Yet, Plaintiff must plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). A pro se litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

Here, Plaintiff does not make specific allegations of misconduct by Sheriff George and Lt. Wagonschultz. In fact, Plaintiff never mentions these Defendants by name or title in his description of the facts. (Docket Entry No. 1, Complaint at 5). Thus, the Court concludes that Plaintiff fails to state a claim against these Defendants. If a prisoner plaintiff fails to state a claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order is filed herewith.

WILLIAM J. HAYNES, JR.
United States District Judge
7-11-12